IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON DAVIS, | ) | 8:14CV265 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BRIAN GAGE, Warden, Tecumseh | ) | |
| State Correctional Institute, and | ) | |
| MIKE KENNEY, Director, Nebraska | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents Brian Gage and Mike Kenney's ("Respondents") Motion for Summary Judgment (Filing No. 9). Respondents argue Petitioner Jason Davis's ("Davis") Petition for Writ of Habeas Corpus ("petition") is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

I. BACKGROUND

A. Conviction and Direct Appeal

Davis pled no contest to assault on an officer in the third degree on April 19, 2012, in the Douglas County District Court ("state district court"). The state district court determined Davis was a habitual criminal and sentenced him to a term of imprisonment of 10 to 10 years. (Filing No. 8-2 at CM/ECF pp. 31-32.)

Davis filed a notice of appeal on April 25, 2012. (*Id.* at CM/ECF 36.) Through counsel, Davis filed a motion in the Nebraska Court of Appeals seeking leave to dismiss the appeal. (*Id.* at CM/ECF p. 46.) The Nebraska Court of Appeals dismissed Davis's

appeal on July 27, 2012, and the Nebraska Supreme Court issued its mandate on September 11, 2012. (Filing No. 8-1 at CM/ECF p. 2.)

**B.     Postconviction Motion and Appeal**

Davis filed a motion for postconviction relief in the state district court on January 22, 2014. (Filing No. 1 at CM/ECF p. 3.) The state district court dismissed the motion for postconviction relief because it was time barred, and Davis did not appeal. (*Id.* at CM/ECF pp. 3-4.)

**C.     Petition**

Davis filed his petition (Filing No. 1) in this court on September 10, 2014. Respondents filed their Motion for Summary Judgment (Filing No. 9) on January 23, 2015. Davis filed his brief in response (Filing No. 11) on February 27, 2015. Respondents filed their brief in reply (Filing No. 12) on March 3, 2015.

## II.  ANALYSIS

It is undisputed in this case that Davis filed his petition in this court more than one year from the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year limitations period for state prisoners to file for federal habeas relief). The questions the court must consider are whether (1) the limitations period may be subject to equitable tolling; or (2) Davis may be excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

**A.     Equitable Tolling**

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

Liberally construed, Davis argues he is entitled to equitable tolling of the limitations period because his appellate counsel coerced him into dismissing his direct appeal. Specifically, Davis argues his appellate counsel advised him that "he could receive more and a[] harsher sentence should he seek [] appeal through fruition." (Filing No. 11 at CM/ECF p. 2.)

Even assuming Davis's assertion constitutes an "extraordinary circumstance," Davis did not show he pursued his rights diligently. Davis waited more than one year and five months after he dismissed his appeal to file his motion for postconviction relief in the state district court. Then, Davis waited another four months after his postconviction action was complete to file his petition in this court. Davis did not explain what he did during these periods of time to pursue any of the claims raised in his petition. For these reasons, Davis's argument is insufficient to support a claim of equitable tolling.

**B.     Miscarriage of Justice**

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27.

Davis did not present the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception. He presents no new evidence that would affirmatively demonstrate his innocence.

For the foregoing reasons, the court will dismiss Davis's petition with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Davis failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS ORDERED:

1. Respondents' Motion for Summary Judgment (Filing No. 9) is granted. Davis's petition (Filing No. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this order.

3. The court will not issue a certificate of appealability in this matter.

DATED this 9th day of June, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge